UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES BATTLE, individually & on
behalf of all similarly situated,

    Plaintiff,

v.

Case No. 6:16-cv-00205-CEM-TBS

UNIVERSAL ROOFING GROUP,
INC., a Florida profit corporation,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF WAGE CLAIMS (the "Agreement") is entered into between JAMES BATTLE ("Plaintiff") and UNIVERSAL ROOFING GROUP, INC. ("Defendant") (collectively, the "Parties").

WHEREAS, Plaintiff is a former employee of Defendant;

WHEREAS, Plaintiff has alleged that Defendant engaged in unlawful practices under the Fair Labor Standards Act (the "Allegations") and filed a civil lawsuit in the U.S. District Court for the Middle District of Florida, Orlando Division, captioned *James Battle, individually & on behalf of all similarly situated v. Universal Roofing Group, Inc., a Florida profit corporation*, Case No.: 6:16-cv-205-ORL-41-TBS (the "Lawsuit");

WHEREAS, Defendant denies all of the Allegations made in the Lawsuit; and

WHEREAS, the Parties hereto have agreed to resolve all FLSA claims in the Lawsuit.

NOW, THEREFORE, in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the Parties to this Agreement hereby agree as follows:

1. **Recitals**: The above recitals are true and correct and are incorporated below as if fully set forth therein.

2. **Release**: In exchange for and in consideration of the payment, as set forth in paragraph 3 below, Plaintiff, for himself, his attorneys, heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waive, discharge, and release ("Releases") Defendant, its subsidiaries, parents, related and affiliated entities and companies, their boards of directors, shareholders, officers, employees, agents, administrators, trustees, attorneys, representatives, and their respective successors and assigns (the "Released Parties"), from any and all claims Plaintiff may have under the Fair Labor Standards Act. Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by Defendant and compensable under the FLSA, including minimum wage and overtime.

Specifically excluded from this Agreement are any claims that may not be waived under federal or state law, including pending claims brought under Florida or the applicable state workers' compensation act.

3. **Consideration**: In exchange for and in consideration of the Releases and promises of Plaintiff in this Agreement, Defendant agrees to pay the total sum of TEN THOUSAND DOLLARS AND NO/100THS ($10,000.00). The payment will be tendered as follows:

    a.    One (1) check payable to Plaintiff in the sum of TWO THOUSAND DOLLARS AND NO/100THS ($2,000.00) as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed Agreement;

    b.    One (1) check payable to Plaintiff in the sum of TWO THOUSAND DOLLARS AND NO/100THS ($2,000.00) as liquidated damages, with no withholdings. An IRS Form 1099 will be issued to Plaintiff in this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant, along with the executed Agreement; and

    c.    One (1) check payable to Morgan & Morgan, P.A. in the amount of SIX THOUSAND DOLLARS AND NO/100THS ($6,000.00), representing attorneys' fees and costs. An IRS Form 1099 will be issued to Plaintiff and Morgan & Morgan, P.A. in this amount. Morgan & Morgan, P.A. must provide a full completed and executed IRS Form W-9 to counsel for Defendant, along with the executed Agreement.

4. **Delivery of Settlement Checks**: The settlement sum will be delivered to Plaintiff's counsel within fourteen (14) days following: (a) the Court's approval of this Agreement; (b) dismissal with prejudice of Plaintiff's Allegations in the Lawsuit; (c) Plaintiff's delivery of completed IRS Forms W-4 and W-9 to Defendant's counsel; and (d) Plaintiff's counsel's delivery of a completed IRS Form W-9 for Morgan & Morgan, P.A. to Defendant's counsel.

5. **Tax Indemnification:** For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiff understands and agrees that the payment for non-wage liquidated damages and/or attorneys' fees and costs are not to be considered wages and the Parties will consistently report and treat these amounts as non-wage damages and expenses. Plaintiff understands that any monies deemed to be wage damages will be subject to any federal, state, city, or municipality employment taxes and deductions. In the event that the IRS subsequently determines that any of the settlement amount constitutes taxable income, Plaintiff agrees to be solely responsible for any and all federal, state or other tax liability, without regard to the nature of such tax, which could or may arise as a result of the Payment and further agrees to hold the Released Parties harmless from any claimed tax liabilities arising out of the Payment.

6. **No Admissions of Liability:** The Parties hereto agree that the payment made to Plaintiff provides him the full and complete relief of his FLSA claim and Plaintiff acknowledges that he is not owed any additional compensation, for any reason, from Defendant for hours worked at the Company. This Agreement is not, however, in any way an admission by Released Parties of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing the Allegations. Rather, Defendant denies having committed any violation of law.

The Parties agree and acknowledge that this Agreement shall not be interpreted to render either Party to be a prevailing party for any purpose, including but not limited to, an award of attorneys' fees under any law. The Parties further agree that, except as provided herein, the Parties are solely responsible for their respective costs and fees incurred as a result of the Allegations.

7. **Dismissal of Civil Lawsuit:** Plaintiff agrees that upon the execution of this Agreement, his attorney shall prepare, execute and file, in form and substance satisfactory to

Defendant, all documents proper or necessary to withdraw and otherwise terminate any and all pending suits or claims, in full, with prejudice, to the necessary governmental entities and/or courts.

8. **Warranty of No Assignment:** The Plaintiff warrants that he has not assigned, sold, subrogated, transferred to, or conveyed to anyone any actions, causes of action, claims or demands that Plaintiff now has or ever had against the Released Parties, and Plaintiff further agrees to defend the Released Parties entirely at Plaintiff's own expense and to fully indemnify and forever hold harmless the Released Parties for any and all actions, causes of action, claims or demands that may be brought against them by anyone to whom Plaintiff has assigned, sold, subrogated, transferred to, or conveyed any such action, causes of action, claims or demands.

9. **Choice of Law:** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida, without reference to principles of conflict of laws. The Parties further agree that any action to enforce this Agreement shall be brought in the state or federal court of competent jurisdiction in Hillsborough County, Florida. Each party hereby expressly waives any and all rights to bring any suit, action or other proceeding in or before any court or tribunal other than the courts described above and covenants that it shall not seek in any manner to resolve any dispute other than as set forth in this paragraph or to challenge or set aside any decision, award or judgment obtained in accordance with the provisions hereof. Each party hereby expressly waives any and all objections it may have to venue, including, without limitation, personal jurisdiction and/or the inconvenience of such forum, in any of such courts.

10. **Breach of the Agreement:** In the event that any of the Parties breach any of the provisions of this Agreement, the non-breaching party will be entitled to bring suit to recover any

and all damages, both direct and consequential, that may be sustained and, in addition, will be entitled to specific performance and/or a temporary or permanent injunction prohibiting and enjoining the breaching party from violating this Agreement. If the non-breaching party should prevail in such suit, the breaching party shall compensate the non-breaching party for any and all attorneys' fees, costs, and expresses created in enforcing this Agreement.

11. **Plaintiff Consulted with Counsel**: Plaintiff acknowledges that he has been fully advised to consult with an attorney as to the terms and provisions of this Agreement and has, in fact, done so. Plaintiff represents that he has had the opportunity to consult legal counsel of his own choosing before signing this Agreement, has carefully read the Agreement and has been fully and fairly advised as to its terms.

12. **Merger and Severability Clause**: This Agreement, which is seven (7) pages long, is effective upon execution (subject to paragraph 13, below), and reflects the entire Agreement between the Parties. This Agreement may not be amended except by written agreement signed by all affected Parties. The Parties agree that if any of the terms of this Agreement are, or become, null, void, unenforceable or inoperative for any reason, such provisions are, and shall be, severable, and the remaining provisions of this Agreement are retained in full force and effect.

13. **Counterparts**: This Agreement will be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties. Photographic or facsimile copies will be deemed as an original signature.

**PLAINTIFF ACKNOWLEDGES THAT HE IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, THAT HE IS REPRESENTED BY COUNSEL,**

THAT HE HAS READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT, AND THAT HE DOES NOT RELY ON ANY REPRESENTATION OR STATEMENT WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES AND AFFIRMS THAT THIS AGREEMENT IS A FULL, COMPLETE, IRREVOCABLE AND UNCONDITIONAL RELEASE OF ALL CLAIMS THAT HE MAY NOW HAVE AGAINST THE RELEASED PARTIES IN THIS LAWSUIT, AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

_____        _____
Date                                                            James Battle


_____        _____
Date                                                            Bernard R. Mazaheri, Esq.
                                                                Counsel for Plaintiff, James Battle


4/13/2016                                                       Universal Roofing Group, Inc.
_____        
Date                                                            By: _____
                                                                Print Name: Jared Mullick
                                                                Title: President


April 19, 2016                                                  _____
_____        
Date                                                            Jennifer Monrose Moore
                                                                Counsel for Defendant, Universal Roofing
                                                                Group, Inc.

THAT HE HAS READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT, AND THAT HE DOES NOT RELY ON ANY REPRESENTATION OR STATEMENT WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES AND AFFIRMS THAT THIS AGREEMENT IS A FULL, COMPLETE, IRREVOCABLE AND UNCONDITIONAL RELEASE OF ALL CLAIMS THAT HE MAY NOW HAVE AGAINST THE RELEASED PARTIES IN THIS LAWSUIT, AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

4/14/2016
Date

James Battle

4/19/16
Date

Bernard R. Mazaheri, Esq.
Counsel for Plaintiff, James Battle

_____
Date

Universal Roofing Group, Inc.

By:_____
Print Name:_____
Title:_____

_____
Date

_____
Jennifer Monrose Moore
Counsel for Defendant, Universal Roofing Group, Inc.