UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES BATTLE,

    Plaintiff,

v.                                                      Case No:   6:16-cv-205-Orl-41TBS

UNIVERSAL ROOFING GROUP, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve the Parties' Settlement (Doc. 16). Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

### I. Background

Plaintiff James Battle brings this action for damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Defendant Universal Roofing Group, Inc., for unpaid overtime compensation (Doc. 1). Plaintiff alleges that he regularly worked more than 40 hours a week while employed by Defendant as a driver, but Defendant failed to pay him for any hours in excess of 40 that he worked during a week (Id. at ¶¶ 29, 31, 52, 55). Plaintiff alleges that he was misclassified as a salaried employee from 2004 until early 2015 (Id. at ¶ 22-39). Plaintiff was reclassified as an hourly employee in early 2015, but Defendant allegedly still failed to pay overtime compensation (Id. at ¶ 24, 29, 54). Defendant denies any wrongdoing and argues "that until April 19, 2015, Plaintiff properly was classified as an exempt employee and, after his

demotion, was non-exempt and paid hourly with overtime for all hours worked over forty (40) during the workweek." (Doc. 16, ¶ 2).

The parties' settlement agreement, which addresses only Plaintiff's FLSA claims, provides that Defendant will pay Plaintiff $2,000 in actual damages, $2,000 in liquidated damages, and $6,000 in attorney's fees and costs (Doc. 18-1). The agreement does not include a confidentiality agreement, broad release of claims, or other non-monetary terms that frequently concern the Court.

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to the district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

The district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the parties' settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

In determining whether a settlement is fair and reasonable, the Court considers the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hamilton v. Frito-Lay, Inc., No. 6:05CV-592ORL-22JGG, 2007 WL 219981, at *2 (M.D. Fla. Jan. 26, 2007).   There is a "'strong presumption' in favor of finding a settlement fair." Id. (quoting Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Under the parties' agreement, Plaintiff will receive $2,000 in wages and the same amount in liquidated damages.   The parties disagree on whether Plaintiff was properly classified as an exempt employee through April 19, 2015, and whether Plaintiff was paid for all overtime hours worked.   The parties have not disclosed Plaintiff's hourly rate or the number of overtime hours he claims to have worked without pay, but the parties agree that the settlement sum will provide full compensation for the actual hours and amounts Plaintiff claims he is owed (Doc. 16, ¶ 4).   Although it is unclear if any formal discovery took place, the parties represent that there has been a sufficient investigation and exchange of information to allow counsel to make an educated and informed analysis of the claims and defenses, and there is nothing in the record to suggest that the settlement sum is unreasonable (Id. at ¶ 7).   The Court also notes that both parties are represented by experienced labor counsel, and the parties and their counsel represent that this settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims and the result of arms-length negotiations (Id.).   Short of a trial, the Court is not in as good a position as the parties to determine the reasonableness of the settlement.   Accordingly, I find that

the settlement sum represents a fair and reasonable settlement of a bona fide dispute.

In FLSA lawsuits for unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts have interpreted this provision to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). Under the FLSA, the Court reviews the reasonableness of counsel's legal fees to insure that counsel is adequately compensated for services rendered and that no conflict of interest taints the claimant's recovery. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). "However, an in depth analysis is not necessary unless the unreasonableness [of the attorney's fee] is apparent from the face of the documents." Perez v. Nationwide Protective Servs., 6:05-cv-328-Orl-22JGG, 2005 U.S. Dist. LEXIS 45849, *1 (M.D. Fla. Oct. 31, 2005). The parties agree that $6,000 in fees and costs is reasonable and that this amount was negotiated separately from Plaintiff's recovery without regard to the amount of the settlement sum. (Doc. 16, ¶¶ 8-9). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

### III. Recommendation

Upon consideration of the foregoing, I find that the parties' settlement agreement is a fair and reasonable resolution of a bona fide dispute. Therefore, I **RESPECTFULLY RECOMMEND** that the parties' Joint Motion to Approve the Parties' Settlement (Doc. 16) be **GRANTED**; that their settlement agreement (Doc. 18-1) be **APPROVED**; and that this case be **DISMISSED with prejudice**.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 20, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record